24-604-cr
United States v. Kurzajczyk

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
*Circuit Judges*,
JESSE M. FURMAN,
*District Judge.*\*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                 No. 24-604-cr

GREGORY KURZAJCZYK,

*Defendant-Appellant*.

------------------------------------------------------------------

---

\* Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:      JEREMIAH DONOVAN, Law
                              Offices of Jeremiah and Terry
                              Donovan, Old Saybrook, CT

FOR APPELLEE:                 THOMAS R. SUTCLIFFE,
                              Assistant United States
                              Attorney (Michael S. Barnett,
                              Rajit S. Dosanjh, Assistant
                              United States Attorneys, *on the
                              brief*), *for* Carla B. Freedman,
                              United States Attorney for the
                              Northern District of New York,
                              Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Gregory Kurzajczyk appeals from a February 26, 2024 judgment of conviction entered by the United States District Court for the Northern District of New York (D'Agostino, *J.*) after a jury trial in which Kurzajczyk was found guilty of four counts of possessing material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The District Court sentenced Kurzajczyk principally to concurrent terms of 151 months' imprisonment and concurrent terms of 15 years' supervised release. We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Suppression of Evidence

Kurzajczyk first argues that the District Court should have granted his motion to suppress evidence arising from a February 16, 2022 search of his home by a probation officer, including several electronic devices containing child pornography and inculpatory statements made by Kurzajczyk during and after the search. At the time of the search, Kurzajczyk was serving a lifetime term of supervised release due to a 2017 conviction for distributing and receiving child pornography. As standard conditions of supervised release for that conviction, Kurzajczyk was required to (1) allow a probation officer to visit his home and confiscate any prohibited items that the officer "observes in plain view," and (2) submit to warrantless searches of his home based on "reasonable suspicion concerning a violation of a condition of" his supervised release. App'x 40. In addition, a special condition prohibited Kurzajczyk from using or possessing any computer, data storage device, or internet capable device. App'x 41. Kurzajczyk challenges the search at issue in this case because none of these conditions subjected his entire home to a search in the absence of reasonable suspicion.

We need not reach the underlying merits of Kurzajczyk's Fourth Amendment claim because the "good faith exception to the exclusionary rule" supports the District Court's denial of the motion to suppress. *United States v. Maher*, 120 F.4th 297, 320–21 (2d Cir. 2024). Even assuming without deciding that the probation officer's search violated the Fourth Amendment, the good faith exception applies because the officer could not have "reasonably know[n], at the time," that the search was unconstitutional. *Id.* at 321 (quotation marks omitted). Our precedents applying the "special needs" doctrine have held that "a search of a parolee is permissible so long as it is reasonably related to the parole officer's duties," *United States v. Braggs*, 5 F.4th 183, 186–87 (2d Cir. 2021) (quoting *United States v. Grimes*, 225 F.3d 254, 259 n.4 (2d Cir. 2000)), and that this rule "applies with equal force to individuals . . . subject to federal supervised release," *United States v. Reyes*, 283 F.3d 446, 458 (2d Cir. 2002). Here, the probation officer expressed "concerns about [Kurzajczyk's] access to internet devices and porn in [his] home" based on several prior home visits. App'x 117; *see also* App'x 113–16. And the search occurred before our opinion in *United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024), the principal authority on which Kurzajczyk relies. Under these circumstances, the probation officer "did not have any significant reason to

4

believe that what [she] had done was unconstitutional." *United States v. Ganias*, 824 F.3d 199, 225 (2d Cir. 2016) (en banc) (quotation marks omitted). We thus affirm the District Court's decision to deny the motion to suppress and to admit the challenged evidence.

## II. Jurisdictional Element of 18 U.S.C. § 2252A(a)(5)(B)

The statute under which Kurzajczyk was convicted prohibits

> knowingly possess[ing], or knowingly access[ing] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(5)(B). Kurzajczyk claims that the District Court wrongly instructed the jury that the statute's jurisdictional element is satisfied if the relevant device containing child pornography was manufactured outside of New York. "[I]t is the *image*," he contends, "that must have been mailed, shipped, transported or produced in commerce." Appellant's Br. 33. Because Kurzajczyk failed to object to the instruction, we review it for plain error. *See United States v. Omotayo*, 132 F.4th 181, 195 (2d Cir. 2025).

5

We have held that "the act of using computer equipment manufactured outside the United States to produce child pornography meets the jurisdictional requirement of § 2252A(a)(5)(B)." *United States v. Ramos*, 685 F.3d 120, 133 (2d Cir. 2012). And in the context of other statutes prohibiting conduct pertaining to child pornography that is "produced using materials which have been mailed or [] shipped or transported, by any means including by computer" in "interstate or foreign commerce," we have also held that child pornography is "produced" using a device if "the hardware was used to make, store, or display copies of the pornographic images." *United States v. Boles*, 914 F.3d 95, 108 (2d Cir. 2019) (interpreting 18 U.S.C. § 2552(a)(4)(B)). Accordingly, Kurzajczyk cannot establish error "that was clear and obvious under existing law." *United States v. Dennis*, 132 F.4th 214, 236 (2d Cir. 2025).[1]

## III. Admissibility of Prior Conviction

Finally, Kurzajczyk claims that the admission under Federal Rule of Evidence 414 of evidence of his 2017 conviction for distribution and receipt of child pornography violated his due process rights. We review for plain error because Kurzajczyk did not raise this due process challenge before the District

---

[1] Kurzajczyk's challenge to the sufficiency of the Government's evidence, which is premised on the same argument, fails for the same reasons.

Court.  *United States v. Napout*, 963 F.3d 163, 182–83 (2d Cir. 2020).  We are unaware of any precedent establishing that admitting evidence of a defendant's prior conviction violates his due process rights.  *See Dennis*, 132 F.4th at 236.  Indeed, as Kurzajczyk acknowledges, we have rejected similar arguments in the context of a facial challenge to Federal Rule of Evidence 413, which also permits certain propensity evidence to be admitted.  *See United States v. Schaffer*, 851 F.3d 166, 177–81 (2d Cir. 2017).  We therefore conclude that the admission of the evidence of Kurzajczyk's prior conviction was not plain error.

We have considered Kurzajczyk's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
